**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

GABRIEL PEREZ and FRANCISCO CLEMENTE,

     Plaintiffs,

v.                                         Case No. 17-2335

EL TORO LOCO MEXICAN BAR
& GRILL OF POPLAR, LLC and LUIS HERNANDEZ,

        Defendants.

---

### COMPLAINT UNDER THE FLSA

---

     Plaintiffs Gabriel Perez and Francisco Clemente (collectively, "Plaintiffs"), through their attorneys, bring this action against Defendants El Toro Loco Mexican Bar & Grill of Poplar, LLC and Luis Hernandez under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for failure to pay overtime compensation and the applicable minimum wage.

### I. JURISDICTION

     1.     This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

### II. FACTS

### A. Parties

     2.     Plaintiff Gabriel Perez is an adult resident of Memphis, Tennessee.  During the applicable statutory period, Plaintiff Perez worked as cook for Defendants.

     3.     Plaintiff Francisco Clemente is an adult resident of Memphis, Tennessee.  During the applicable statutory period, Plaintiff Clemente worked as a cook for Defendants.

4.     Defendant El Toro Loco Mexican Bar & Grill of Poplar, LLC ("El Toro Loco") is a for-profit corporation formed and organized under Tennessee state law and currently conducting business as a restaurant at 2617 Poplar Ave., Memphis, Tennessee 38112.

5.     At all relevant times herein, Defendant El Toro Loco was an "employer" of the Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

6.     Defendant El Toro Loco is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

7.     Defendant El Toro Loco is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.  Specifically, El Toro Loco is a Mexican Restaurant and has annual sales of not less than $500,000.

8.     Defendant Luis Hernandez is the owner of Defendant El Toro Loco, and at all times herein, Defendant Hernandez has been the employer of Plaintiffs under the meaning of 29 U.S.C. § 203(d), since he has acted directly in the interest of Defendant El Toro Loco in relation to establishing the terms and compensation of Plaintiffs' employment, including but not limited to making the decision not to compensate Plaintiffs at the required overtime and minimum wage rates.  Defendant Hernandez is believed to be a resident of Memphis, Tennessee.

## B. Factual Allegations

9.      Plaintiffs brings this action on behalf of themselves as authorized under 29 U.S.C. § 216(b).

10.     Plaintiffs were employed by Defendants as Cooks at El Toro Loco, located at 2617 Poplar Ave., Memphis, TN 38112, during the applicable statutory period. Plaintiff Perez began his employment with Defendants on or about July 3, 2015 and ended his employment in June 2016. Plaintiff Clemente began his employment with Defendants on or around March 15, 2015, and ended his employment in May 2016.

11.     The FLSA requires covered employers, such as Defendants, to compensate all employees at a minimum hourly wage of $7.25 per hour and all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week. During the applicable statutory period, Defendants suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation and without being compensate at the minimum wage rate.

12.     For example, both Messrs. Perez and Clemente typically worked six days per week from 9:00 a.m. to 1:00 p.m., then 3:30 p.m. to 10:30 p.m. on weekdays or until 12:00 a.m. on Fridays and Saturdays. Both typically had their day off on Tuesdays. This schedule averages 69 hours of work per week.

13.     Instead of compensating them on an hourly basis, Defendants paid Mr. Perez a set salary of $700 by check and $427.52 in cash every 15 days for the entirety of his employment. Similarly, for Mr. Clemente, Defendants paid him $700 in check and $490.67 in cash every 15 days for the first 7 months of his employment. Thereafter, Defendants paid him $700 in check plus $590.67 in cash every 15 days for the rest of his employment. As a result, there were weeks

when Plaintiffs' hourly wage was less than the applicable minimum wage. Additionally, Plaintiffs were never compensated at a rate of one and one-half times the regular rate of pay for those hours over forty (40) hours.

14.     The exact amounts of unpaid minimum wage and overtime compensation owed to Plaintiffs are not presently known to the Plaintiffs, but will be determined through discovery. At this juncture, Plaintiff Perez estimates that he was deprived of minimum wage and overtime compensation of at least $7,563.64. Plaintiff Clemente estimates that he was deprived of minimum wage and overtime compensation of at least $7,148.61.

15.     As a result of their actions and the conduct described above, Defendants have violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically § 206(a)(1) and § 207(a)(1), with respect to Plaintiffs. Thus, Plaintiffs suffered a loss of wages.

16.     Further, by failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

17.     The foregoing conduct on the part of Defendants constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for the fact that its compensation practices were in violation of federal law.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff in this action demands:

1.     Judgment against Defendants for an amount equal to unpaid back wages at the applicable minimum wage and overtime rates;

2.     Judgment against Defendants that its violations of the FLSA were willful;

3.      An equal amount to the minimum wage and overtime damages as liquidated damages;

4.      All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

5.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

6.      Leave to amend to add other defendants who meet the definition of Plaintiffs' "employer," 29 U.S.C. § 203(d);

7.      An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and,

8.      For all such further relief as the Court deems just and equitable.

Respectfully submitted,

/s/Bryce W. Ashby
William B. Ryan – TN Bar #20269
Bryce W. Ashby – TN Bar #26179
Janelle C. Osowski – TN Bar #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
bryce@donatilaw.com

ATTORNEYS FOR PLAINTIFFS